UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

**CRIMINAL ACTION NO. 17-13-DLB-EBA**

**UNITED STATES OF AMERICA,**                                                   **PLAINTIFF**

v.                     **MEMORANDUM OPINION AND ORDER**

**BRADLEY STARK**                                                                        **DEFENDANT**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

**I.    Introduction**

This matter is before the Court upon Defendant's petition for writ of habeas corpus (Doc. # 11). In his petition, Stark seeks his unconditional release from custody, an Order vacating his conviction and sentence from the Northern District of Texas, and dismissal of the pending charges in this Court (*id.*). The United States has filed its response opposing the requested relief, arguing that it fails both procedurally and substantively (Doc. # 13). Defendant having now filed his reply (Doc. # 19), the petition is ripe for review. For the reasons that follow, the petition for writ of habeas corpus will be **denied in full**.

**II.    Factual and Procedural History**

    **A.    Relevant Criminal Proceedings in the Northern District of Texas**

in 2008, Defendant was indicted in the United States District Court for the Northern District of Texas on multiple counts of wire and securities fraud offenses. *See United States*

1

*v. Bradley C. Stark*, Crim. No. 3:08-cr-258 (ND-TX at Dallas); [*Id.* at DE 1: Indictment].[1] On January 18, 2012, a jury found Defendant guilty of the charged offenses [*id.* at DE 185: jury verdict], and on October 9, 2012, Defendant was sentenced to 276 months imprisonment. [Id. at 251: Judgment]. His conviction and sentence were affirmed on appeal on September 24, 2014. [*Id.* at DE 280]; *see United States v. Stark*, 582 Fed.Appx. 462 (5th Cir. Sept. 24, 2014).

On February 2, 2016, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate and set aside his conviction and sentence. *Bradley C. Stark v. United States*, Civ. No. 3:16-cv-298 (ND-TX, filed Feb. 2, 2016); [*Id.* at DE 2: Motion]. On May 8, 2017, Defendant's motion was denied. [*Id.* at DE 25]. Defendant's appeal from that denial was dismissed on July 7, 2017, for want of prosecution. [*Id.* at DE 27].

**B.** **Relevant Civil Proceedings in the Northern District of Texas and elsewhere**

On August 14, 2014, Defendant filed a pro se civil action purporting to seek confirmation of an arbitration award which he styled "Petition to Confirm Arbitration Award." *See Bradley Christopher Stark v. Eric Holder, et al.*, Crim.No. 3:14-cv-2920 (ND-TX). Just like he has in the habeas petition filed in this court, Defendant asserted that the criminal charges brought in *United States v. Bradley C. Stark*, Crim. No. 3:08-cr-258 (ND-TX) had been resolved by arbitration prior to the jury's verdict of guilty on January 18, 2012. Defendant based his assertion on the following facts –

---

[1] The Court takes judicial notice of the proceedings from the other various federal courts.

On December 14, 2009, Defendant made a "counter offer" to settle the criminal charges against him by serving the United States Attorney General with a "Conditional Acceptance for Value." In that document, Defendant made numerous factual assertions that he individually styled as "Proof of Claim" and demanded that the government provide him with discovery and information responsive to his factual assertions. These assertions, essentially, alleged that Defendant was unlawfully arrested and charged by the United States government. Defendant asserted that, pursuant to the Federal Arbitration Act, the federal government was bound by the terms of document, including his demand that they respond to his factual assertions, and that its failure to timely respond would constitute its "acceptance" of the terms of the document.

Defendant then obtained what he claims to be an "Administrative Judgment" from an "Administrative Hearing Officer." Essentially, this "Administrative Judgment" provides that, because of its "default" (i.e. it's failure to respond to his counter offer), the United States was bound by the terms of Defendant's counter offer and, therefore, could not proceed to criminally prosecute him on the charges contained in the indictment in *United States v. Bradley C. Stark*, Crim. No. 3:08-cr-258 (ND-TX at Dallas, Judgment entered October 29, 2012). *See Bradley Christopher Stark v. Eric H. Holder, Jr., et al.*, Civ. No. 3:14-cv-2920 (ND-TX at Dallas, filed Aug. 14, 2014); [*Id.* at DE 3: Petition to Confirm Arbitration].

On October 7, 2014, the District Court entered an order dismissing Defendant's complaint with prejudice. [*Id.* at DE 13: Judgment]. Defendant appealed. [*Id.* at DE 14: Notice of Appeal]. On September 29, 2015, the Fifth Circuit Court of Appeals dismissed Defendant's appeal, writing "APPEAL DISMISSED AS FRIVOLOUS; SANCTION

3

WARNING ISSUED." [*Id.* at DE 24: Opinion of Fifth Circuit Court of Appeals]; *see Stark v. Lynch*, 611 Fed.Appx. 239 (5th Cir. Aug. 6, 2015).

Undeterred, on February 5, 2015, Defendant, pro se, filed essentially the same complaint in the United States District Court for the District of Columbia. See "Petition to Confirm Arbitration Award", *Bradley Christopher Stark v. Eric H. Holder, Jr., et al.*, Civ. No. 1:15-cv-202 (District of Columbia); [*Id.* at 1: Petition to Confirm Arbitration Award]. In his DC filing, Defendant argued that, based on the failure of the United States to respond to his "counter offer", an enforceable agreement existed between him and the United States, whereby the United States could not lawfully prosecute him for wire and securities fraud in the Northern District of Texas and that any violation of the agreement was subject to arbitration. He argued that, notwithstanding this agreement, the United States elected to proceed with its prosecution in the Northern District of Texas and that his trial, conviction, and sentence constituted a violation of the arbitration agreement. Based on this violation of the alleged agreement, Defendant claimed he had obtained from an "arbitrator" and arbitration award directing that the criminal judgment against him was void and that he was entitled to $3,296,347,823 in damages for false arrest, false imprisonment, malicious prosecution, and other violations of the agreement. Defendant requested that the United States District Court for the District of Columbia enter an order directing that the arbitration award be enforced.

In reviewing his petition, the D.C. district court noted that it conducted a check of public records and found that Defendant had filed a similar document seeking enforcement of the same arbitration agreement against the same defendants in the United States District Court for the Northern District of Texas. The district court summarily denied Defendant's

4

petition finding "that the claims are barred under the doctrine of res judicata" because the United States District Court for the Northern District of Texas had previously entered a judgment finding Defendant's claims to be without merit. *See Stark v. Holder*, 2015 WL 1137724 (D.D.C Mar. 13, 2015).

Not to be outdone, Mr. Stark persisted, and on February 3, 2017, he filed yet another similar petition in the Northern District of Georgia to Confirm Arbitration. *See Stark, et al., v. United States of America*, Civ. No. 2:17-cv-25 (ND-GA at Gainesville). As he had alleged in his two prior petitions, Defendant claimed that the United States, by its silence in not responding to his counter offer, voluntarily joined into an agreement to dismiss the criminal charges filed against him in the Northern District of Texas. He then claims, again, that by proceeding with the criminal charges against him in the Northern District of Texas, the United States violated their "agreement," which directs that any disputes about enforcement of the "agreement" be resolved by arbitrations. Defendant asserts that "[t]he Agreement was voluntarily entered into by and between the parties …." [Id. at DE 3: Petition at p.3]. As is the case with the attachments he filed here with his habeas petition, the documents attached to Defendant's Georgia Petition have various signature lines for "Loretta E. Lynch, United States Attorney General," each of which is not surprisingly signed by the Defendant himself with a notation that he is "Attorney-in-Fact (limited)" or "Authorized Agent/Designee." [*Id.* at DE 3-2 at p. 23; *Id.* at DE 3-3 at p. 15].

On September 27, 2017, the District Court dismissed Defendant's petition. In the dismissal Order, the Court noted that Stark claimed that the Attorney General, by not responding to a conditional offer he made in 2009, not responding to later offers to arbitrate a "dispute" arising from Stark's conditional offer, and not responding to other

5

communications, agreed to Stark representing the Attorney General in negotiations and arbitrations. Specifically, Stark claimed that he could negotiate and arbitrate with himself. [*Id.* at DE 20: Order at p. 3]. The District Court found that Defendant "ha[d] not, and cannot, establish that the United States waived sovereign immunity for actions seeking confirmation of arbitration awards, or a grant of subject matter jurisdiction to district courts." [*Id.*] Defendant, by counsel, has appealed the matter to the United States Court of Appeals for the Eleventh Circuit. [*Id.* at DE 28: Notice of Appeal]. That appeal remains pending.

### III. Discussion

#### A. Defendant current petition is barred by both issue and claim preclusion.

Issue preclusion, or collateral estoppel, bars the relitigation of issues that have already been actually litigated and lost in a prior action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999), *cert. denied*, 528 U.S. 1191. Claim preclusion, or res judicata, precludes a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398; *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Here, Stark's petition is barred by both issue and claim preclusion.

As documented in Section II herein, Mr. Stark has raised this exact same purported defense to his ND-TX conviction and sentence not once, not twice, but three prior times. And on each occasion he has filed substantially similar petitions seeking enforcement of the same arbitration agreements and addendums against various defendants and seeking confirmation of the same arbitration award. On each occasion the judge has dismissed the

6

petition.

In each case, he alleges that an arbitrator, someone named Kenya L. Patton, threw out his conviction pursuant to an agreement he and former U.S. Attorney General Loretta Lynch had reached. According to Stark, those agreements and addendums required his immediate release, voided his conviction, and stipulated to the issuance of the very writ he seeks to obtain in his pending habeas petition. The Court disagrees.

Any attempt by Stark to portray the "arbitration agreement" or the various addenda as a negotiated agreement between him and the United States is complete fantasy on his part. As aptly pointed out in the government's response (Doc. # 13), Stark himself signed and initialed each of the purported settlement agreements, and signed and initialed each document on behalf of the U.S. Attorney General. From a legal perspective, these purported arbitration agreements and addenda are not worth the paper they're printed on, and they most certainly do not compel the Court to grant the relief Stark seeks in his petition.

Additionally, as the party asserting claims against the United States, Stark has the burden of establishing an unequivocal waiver of sovereign immunity. Pointing to these agreements where Stark purportedly signed on behalf of the Attorney General does not come close to such an unequivocal waiver. Stark has not and cannot establish that the United States waived sovereign immunity for actions seeking confirmation of arbitration awards. *See Stark, et al., v. United States of America*, Civ. No. 2:17-cv-25 (ND-GA at Gainesville), DE 20 at p. 3).

Because Stark has filed substantially similar petitions in three other federal courts which have dismissed those habeas petitions on the merits, his claims are barred by both

7

issue and/or claim preclusion.

> **B. There is no legitimate legal basis to release the Defendant, vacate his conviction, or dismiss the Indictment against him.**

For the reasons set forth herein in section III(A), Defendant current incarceration is lawful and does not violate any lawful arbitration agreement or addendum. The agreements and addendums he attaches to his petition do not provide him with any relief, via writ of habeas corpus or otherwise

Defendant's conviction and subsequent 276 month sentence from the Northern District of Texas was affirmed on appeal by the Fifth Circuit Court of Appeals and has withstood a challenge brought pursuant to 28 U.S.C. § 2255.[2] Because the purported arbitration agreement and addendums are not valid, his argument that his current detention violates those agreements falls on deaf ears. As a result, dismissal of the misdemeanor indictment is not warranted. Finally, the Court lacks jurisdiction to vacate his Northern District of Texas conviction and sentence.

**IV. Conclusion**

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** that Defendant's Petition for Writ of Habeas Corpus (Doc. # 11) be, and is hereby **denied**.

---

[2] In his Reply (Doc. # 19), Stark argues that the Judgment entered by the district court in the Northern District of Texas was void because that court lacked subject matter jurisdiction to consider the case due to a number of alleged deficiencies set forth on page 3 of that pleading. Those include challenges to certain sections of the United States Criminal Code. Any such challenges to his underlying conviction in the Northern District of Texas should have been raised in that Court by way of a pretrial motion to dismiss the indictment, on appeal of his conviction to the Fifth Circuit Court of Appeals, or at last resort by way of his previously-filed 28 U.S.C. § 2255 motion to vacate. A review of the record reveals the arguments in his Reply were not raised in any of those ways. This Court lacks jurisdiction to consider them here. In any event, even if the Court were to consider those arguments on the merits, they would be completely rejected as wholly without merit.

This 15th day of February, 2018.



K:\DATA\ORDERS\Ashland Criminal\2017\17-13 Order denying DE 11.wpd